UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

KYNASTON SCOTT ]
    Petitioner, ]
 ]
v. ] No. 3:05-0713
 ] Judge Trauger
WAYNE BRANDON ]
    Respondent. ]

M E M O R A N D U M

The petitioner, proceeding *pro se*, is an inmate at the Turney Center Industrial Prison in Only, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against Wayne Brandon, Warden of the facility, seeking a writ of habeas corpus.

In February, 2001, a jury in Davidson County found the petitioner guilty of premeditated first degree murder and felony murder. But because the convictions arose from the same death, they were merged as a matter of law. The petitioner received a sentence of life imprisonment with the possibility of parole. Docket Entry No. 12; Addendum No. 1; Vol. No. 4 at pgs. 228-229.

On direct appeal, the Tennessee Court of Criminal Appeals affirmed the conviction. Docket Entry No. 12; Addendum No. 2; Doc. No. 3 at pgs. 56-63. The Tennessee Supreme Court later denied petitioner's application for further review. Docket Entry No. 12; Addendum No. 2; Doc. No. 5 at pg. 84.

A *pro se* petition for state post-conviction relief was then filed in the Criminal Court of

1

Davidson County. Docket Entry No. 12; Addendum No. 3; Vol. No. 2 at pgs. 12-23. An attorney was appointed to represent the petitioner and an amended petition was filed. Docket Entry No. 12; Addendum No. 3; Vol. No. 2 at pgs. 38-48. Following an evidentiary hearing, the trial court denied the post-conviction petition. Docket Entry No. 12; Addendum No. 3; Vol. No. 1 at pgs. 1-5. On appeal, the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. Docket Entry No. 12; Addendum No. 4; Doc. No. 3 at pg. 51. Once again, the Tennessee Supreme Court denied petitioner's application for further review. Docket Entry No. 12; Addendum No. 4; Doc. No. 5 at pg. 81.

On September 15, 2005, the petitioner filed the instant petition (Docket Entry No. 1) for writ of habeas corpus. According to the petition, the petitioner was denied his Sixth Amendment right to the effective assistance of counsel. More specifically, the petitioner alleges that his attorney was ineffective because

(1) "he did not make any attempt to find a critical witness on my behalf, a person by the name of Rudolph 'Rudy' Vaughn";

(2) counsel should have "argued an alternative theory because there were other people who could have committed the murder of Mr. Melvin Sharp.";

(3) counsel failed to interview prosecution witnesses; and

(4) counsel should have presented a drug expert to discredit the testimony of prosecution witnesses.[1]

Upon its receipt, the Court reviewed the petition and determined that the petitioner had stated a colorable claim for relief. Accordingly, an order (Docket Entry No. 3) was entered

---

[1] At trial, the petitioner was represented by Dwight Scott, a member of the Davidson County Bar.

directing the respondent to file an answer, plead or otherwise respond to the petition. Rule 4, Rules - - - § 2254 Cases.

Presently pending before the Court are the petition, respondent's Answer (Docket Entry No. 9) to the petition and the petitioner's reply (Docket Entry No. 13) to the respondent's Answer.[2] Upon consideration of these pleadings and the expanded record, it appears that an evidentiary hearing is not needed in this matter. *See* Smith v. United States, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the Court shall dispose of the petition as the law and justice require. Rule 8(a), Rules - - - § 2254 Cases.

A federal district court will not entertain a petition for writ of habeas corpus unless the petitioner has first exhausted all available state court remedies for each claim in his petition. Cohen v. Tate, 779 F.2d 1181, 1184 (6th Cir.1985).While exhaustion is not a jurisdictional requirement, it is a strictly enforced doctrine which promotes comity between the states and federal government by giving the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. Granberry v. Greer, 481 U.S. 129, 107 S.Ct. 1671, 1674-1675, 95 L.Ed.2d 119 (1987). Thus, as a condition precedent to seeking federal habeas corpus relief, the petitioner is required to fairly present his claims to the state courts. Rose v. Lundy, 455 U.S. 509, 522, 102 S.Ct. 1198, 1205, 71 L.Ed.2d 379 (1982). Once his federal claims have been raised in the highest state court available, the exhaustion requirement is satisfied, even if that court refused to consider the claims. Manning v. Alexander, 912 F.2d 878, 883 (6th Cir.

---

[2] Even though the petitioner's reply to the respondent's Answer is unsigned, it was considered by the Court nevertheless.

1990).

The petitioner alleges that his attorney was ineffective for failing to argue an alternative theory of the crime (Claim No. 2), for failing to interview prosecution witnesses (Claim No. 3), and for neglecting to use a drug expert to discredit the testimony of prosecution witnesses (Claim No. 4). A review of the record shows that these issues were never offered to the state courts at any level for consideration. *See* Docket Entry No. 12; Addendum No. 4; Doc. No. 1 at pgs. 11-12. To properly satisfy the exhaustion requirement, claims must be fairly presented to every level of the state court system for consideration. Doctor v. Walters, 96 F.3d 675, 678 (3rd Cir.1996). In the case of those claims that were never presented to the state courts, the petitioner has obviously failed to satisfy the exhaustion requirement prior to the filing of this action. Unfortunately, at this late date, it appears that state court remedies for these claims are no longer available. *See* Tenn. Code Ann. § 40-30-202(a). Thus, by way of procedural default, the petitioner has technically met the exhaustion requirement with respect to these claims. Alley v. Bell, 307 F.3d 380, 385 (6th Cir. 2002)(if an unexhausted claim would be procedurally barred under state law, that claim is procedurally defaulted for purposes of federal habeas corpus review).

Nevertheless, to prevent a federal habeas corpus petitioner from circumventing the exhaustion requirement in such a manner, the Supreme Court has held that a petitioner who fails to comply with state rules of procedure governing the timely presentation of federal constitutional issues forfeits the right to federal review of those issues, absent cause for the noncompliance and some showing of actual prejudice resulting from the alleged constitutional violations. Wainwright v. Sykes, 443 U.S. 72, 84, 97 S.Ct. 2497, 2505, 53 L.Ed.2d 594 (1977); Engle v. Isaac, 456 U.S. 107, 129, 102 S.Ct. 1558, 1573, 71 L.Ed.2d 783 (1982).

4

In this instance, the petitioner has failed to properly exhaust his state court remedies for these claims. The petitioner has pled neither cause nor prejudice to explain why these claims were not offered to every level of the state court system for consideration. They would, therefore, appear to be procedurally defaulted. Of course, even in the absence of cause and prejudice, a procedural default may be excused when review of a petitioner's claims is necessary to correct a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); Murray v. Carrier, 477 U.S. 478, 106 S.Ct. 2639, 2649-50, 91 L.Ed.2d 397 (1986). A fundamental miscarriage of justice occurs when a constitutional violation has probably led to the conviction of one who is actually innocent. Murray, supra. Here, the petitioner has offered nothing to place his guilt in doubt. Consequently, the Court finds that the petitioner has forfeited his right to federal review of those claims that were never presented to the state courts.

The petitioner's remaining claim (Claim No. 1) was fully litigated in the state courts and was found to be lacking in merit. When a claim has been adjudicated on the merits in state court, the state court adjudication will not be disturbed unless it resulted in a decision contrary to clearly established federal law or involved an unreasonable application of federal law in light of the evidence. 28 U.S.C. § 2254(d); Nevers v. Killinger, 169 F.3d 352, 357 (6th Cir. 1999). In order for a state adjudication to run "contrary to" clearly established federal law, the state court must arrive at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decide a case differently than the United States Supreme Court on a set of materially indistinguishable facts. To grant the writ for an "unreasonable application" of federal law, the petitioner must show that the state court identified the correct governing legal principle

5

involved but unreasonably applied that principle to the facts of the case. Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000). In short, state court judgments must be upheld unless, after an examination of the state court judgment, the Court is firmly convinced that a federal constitutional right has been violated. Id., at 120 S.Ct. 1511.

The petitioner has alleged that counsel was ineffective because he "did not make any attempt to find a critical witness" (Claim No. 1). The Sixth Amendment provides that a criminal defendant is entitled to the effective assistance of counsel. To establish a violation of this right, the petitioner bears the burden of pleading and proving that his attorney's performance was in some way deficient and that the defense was prejudiced as a result of the deficiency. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To demonstrate a deficiency in representation, the petitioner must show that his attorney failed to act within "an objective standard of reasonableness". Id, at 104 S.Ct. 2052. Prejudice is established by showing that counsel's error was so egregious as to render the result of the trial unreliable or the proceeding fundamentally unfair. Lockhart v. Fretwell, 506 U.S. 364, 113 S.Ct. 838, 842, 122 L.Ed.2d 180 (1993). When considering such a claim, counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Mallett v. United States, 334 F.3d 491, 497 (6th Cir. 2003).

In addressing this claim, the Tennessee Court of Criminal Appeals stated

> Third, we conclude, as did the post-conviction court, that trial counsel was not ineffective for failing to locate and subpoena potential witnesses, Rudy Vaughn, Eric Jones, and Tracy Jenkins. The record reflects that every effort was made to locate Rudy Vaughn; however, despite the best efforts of both the State and trial counsel, he was never found.

6

Docket Entry No. 12; Addendum No. 4; Doc. No. 3 at pg. 56.

The state courts correctly applied the holding of Strickland, supra, to petitioner's ineffective assistance claim and found that counsel had, under the circumstances, acted reasonably and in a manner that did not prejudice the defense. The record supports these findings. The petitioner has offered no clear and convincing evidence to rebut the presumption of correctness that must be accorded the factual findings made by the state courts. 28 U.S.C. § 2254(e)(1). Nor has the petitioner demonstrated in what way the legal rationale of the state courts runs contrary to federal law. Therefore, having carefully reviewed the record, it appears that the state court adjudication of petitioner's remaining claim was neither contrary to nor an unreasonable application of federal law. Consequently, this claim will not support an award of habeas corpus relief.

Having carefully considered the petition, the pleadings and the record in this case, the Court finds that the petitioner has failed to state a claim upon which habeas corpus relief can be granted. Accordingly, the petition will be denied and this action shall be dismissed. Rule 8(a), Rules - - - § 2254 Cases.

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge